ORIGINAL

FILED IN CLERK'S OFFICE
U S D C   Atlanta

JAN 1 1 2007

JAMES N  HATTEN, CLERK
By: ⟍⟋⟍⟍⟍⟍⟍ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ABRAHAM GILBERT,                 :
                                 :
            Plaintiff,           :          CIVIL ACTION FILE
                                 :          NO:
                                 :
v.                               :          **1:07-C v -0 077**
                                 :
BRANCH BANKING & TRUST CO.,      :          Trial By Jury Demanded
and BB&T ASSET MANAGEMENT,       :
INC.,                            :
            Defendants.          :

## COMPLAINT

COMES NOW Abraham Gilbert, Plaintiff herein, and pursuant to Title VII of

the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981, hereby submits his

Complaint against the above-named Defendants on the following grounds.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over the matter pursuant to 28 U.S.C. §1331 and

1343.

2.

Venue in this district and division is proper under 28 U.S.C. §1391 as the

Defendants are located in the Northern District of Georgia, Atlanta Division, and the

unlawful discriminatory conduct complained of herein occurred in this district and division.

## COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

3.

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ["EEOC"] alleging race discrimination.  The Notice of Right to Sue for Plaintiff's Charge was issued by the EEOC on October 13, 2006, and Plaintiff timely files this Complaint within ninety days of receipt of the Notice.

## PARTIES

4.

Plaintiff Gilbert, an African-American male, is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature.

5.

Defendant Branch Banking & Trust Co. ("BB&T") is a foreign for profit corporation doing business in the Atlanta Division of the Northern District of the State of Georgia and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §1981.  Defendant BB&T may be served with process through its registered agent for service, CT Corporation System, 1201

Peachtree St., NE, Atlanta, GA 30361.

6.

Defendant BB&T Asset Management, Inc., ("BB&T") is a foreign for profit corporation doing business in the Atlanta Division of the Northern District of the State of Georgia and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §1981.  Defendant may be served with process through its registered agent for service, CT Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

## FACTUAL ALLEGATIONS

7.

In the Summer of 2005, Abraham Gilbert was hired by BB&T as a private banker for the Buckhead and Sandy Springs, GA, areas.

8.

In the Fall of 2005, Gilbert attended a BB&T conference in North Carolina, at which time Gilbert learned that he was the only African-American private banker working for BB&T in the Southeast.

9.

Numerous BB&T upper-management employees learned by actually seeing and meeting Gilbert at the North Carolina conference that he is African-American.

10.

After Gilbert attended the NC conference, he was told by BB&T Atlanta management employees that BB&T wanted a "more professional image".

11.

Almost immediately upon his return to Atlanta after the NC conference, BB&T started harassing Gilbert about his job application.

12.

BB&T wanted Gilbert to verify his high school graduation, which Gilbert verified.

13.

BB&T was also particularly interested in Gilbert's recent past employment with Wachovia as stated on his job application.

14.

Gilbert repeatedly worked with BB&T to provide BB&T with the requested documentation in order to verify his Wachovia employment, however, each time the requested information was provided, BB&T then asked for additional verification.

15.

Gilbert repeatedly worked with BB&T to provide BB&T with all of the requested information it wanted from Wachovia, and to Gilbert's knowledge, all of

the information that could be provided was provided.

16.

Nonetheless, Gilbert was involuntarily terminated from his employment with BB&T on or about December 20, 2005.

17.

The only reason given for Gilbert's termination was that he allegedly provided false information on his job application.

18.

Gilbert did not give false information on his job application, a fact BB&T was aware of because (1) Gilbert initially passed BB&T's background check and was hired, (2) Gilbert was permitted to work for BB&T as a private banker for the almost six months of his employment, and (3) Gilbert provided BB&T with the verifications.

19.

Notably, at least two other BB&T employees who had also recently worked at Wachovia were not harassed about their employment histories with Wachovia.

20.

Those two other former Wachovia employees are both Caucasian.

21.

BB&T replaced Gilbert with two Caucasian bankers.

22.

Gilbert had more certifications than most of the Caucasian private bankers in his region who were retained by BB&T.

23.

Gilbert was terminated from BB&T because he is an African-American male, and because he did not project the image BB&T wanted for its Buckhead and Sandy Springs areas.

24.

The actions taken against Gilbert were the products of unlawful, race-based discriminatory animus, and were not the products any legitimate, non-discriminatory motive or intent.

25.

As a result of Defendants' misconduct, Plaintiff has suffered lost wages and benefits of employment.

26.

As a result of Defendants' misconduct, Plaintiff has suffered mental and emotional distress and diminished standing and reputation in the community, and is entitled to an award of general damages to compensate him for such injuries.

## SUBSTANTIVE ALLEGATIONS
## COUNT ONE: RACE DISCRIMINATION
## UNDER TITLE VII AND UNDER 42 U.S.C. §1981

27.

All preceding paragraphs herein are hereby incorporated by this specific reference.

28.

Defendants' actions in discriminating against Gilbert due to his race constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and under 42 U.S.C. §1981.

29.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

30.

Defendants' actions were reckless and taken in willful disregard of the probable consequences of their actions.

31.

As a result of Defendants' conduct, Plaintiff has suffered lost wages and benefits and has suffered mental and emotional distress.

**WHEREFORE, PLAINTIFF PRAYS:**

(a)     That the Court grant appropriate injunctive relief prohibiting

        Defendants from discriminating on the basis of race;

(b)     That Plaintiff be reinstated to his position of private banker, which is

        the position he would continue to hold but for Defendants'

        discriminatory practices, or alternatively be awarded front pay;

(c)     That Plaintiff be awarded all salary and benefits he would have

        attained absent Defendants' unlawful actions;

(d)     That Plaintiff be awarded prejudgment interest; liquidated damages;

        and all other lost benefits resulting from Defendants' unlawful

        discrimination;

(e)     That compensatory damages be awarded to Plaintiff against

        Defendants, including damages for pain and suffering and emotional

        distress in an amount to be determined at trial by the enlightened

        conscience of the jury;

(f)     That punitive damages be awarded to Plaintiff against Defendants in

        an amount to be determined at trial;

(g)     That Plaintiff recover his costs and reasonable attorney's fees

        pursuant to 42 U.S.C. §1988;

(h)     That the within action be tried by a jury; and

(i)     That Plaintiff be awarded such other relief as the Court deems just

and proper.

Respectfully submitted this 11th day of January, 2007.

_Alysa Freeman_
Matthew C. Billips
Georgia Bar No. 057110
Alysa B. Freeman
Georgia Bar No. 265394

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, GA  30308
(404) 969-4101 (ph)
(404) 969-4141 (fax)